**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRANSCEND CRUISES INC., <br><br> Plaintiff, <br><br> v. <br><br> TRANSCENDENT TRAVEL SERVICES, LLC, <br><br> Defendant. | Docket No. <br><br> Jury Trial Demanded |

**COMPLAINT**

Plaintiff Transcend Cruises Inc., by and through its undersigned counsel, hereby files its complaint against Defendant Transcendent Travel Services, LLC and alleges as follows:

**INTRODUCTION**

Plaintiff, a chartered cruise ship business, files this declaratory judgment action following a series of complaints it has received from Defendant, a land tour company. Specifically, Defendant has repeatedly accused Plaintiff of infringing its trademark (1) in a trademark cancellation proceeding asserting that Plaintiff's use of the mark is causing likely confusion; (2) in a trademark opposition proceeding asserting that Plaintiff's use of the mark is causing likely confusion; and (3) in a letter to Plaintiff ominously warning that it would be prudent for Plaintiff to "cease use" of its trademark. These actions, in the aggregate, have made Plaintiff fearful that Defendant will file suit for trademark infringement – a fear that has created great uncertainty for Plaintiff during a time that it is significantly expanding its operations and marketing efforts. Plaintiff seeks a declaratory judgment that it does not infringe Defendant's trademark rights so that it may make appropriate branding decisions and operate without ongoing uncertainty as to the use of its house trademark. Plaintiff further seeks a ruling from the court finding that Defendant's

efforts to cancel and oppose Plaintiff's trademark registration and application are without merit and should be dismissed.

## I.     THE PARTIES

1. Transcend Cruises Inc. ("Transcend") is a Delaware corporation. Its principal place of business is in North Miami, Florida.

2. Transcendent Travel Services, LLC ("TTS") is a limited liability company formed under the laws of the State of Delaware with its principal place of business in New York, New York.

## II.    JURISDICTION & VENUE

3. This action arises under the Lanham Act, 15 U.S.C. 1051, *et seq.*, under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, and New York statutory and common law.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1338(b) because this action arises under Acts of Congress relating to trademarks.

5. This court has personal jurisdiction over TTS because, according to its website, TTS's principal place of business in the United States is New York, New York. Additionally, it has registered as a foreign limited liability company with the New York Secretary of State.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(a), (b), and (c) in that TTS committed the acts complained herein within this judicial district, and is subject to personal jurisdiction within this judicial district.

## III.   STATEMENT OF FACTS

**A. Transcend Cruises Inc.**

7. Transcend offers chartered river cruises on a business-to-business ("B2B") sales model.

8. Transcend operates its cruises in Central and Western Europe on rivers including the Danube and Rhine in countries including France, Germany, Switzerland, Austria, Hungary, the Netherlands, and Belgium.

9. Transcend's business model focuses on selling chartered cruise experiences to third-party companies that use these charters for events like corporate retreats. Transcend does not sell its services directly to individual consumers.

10. Transcend has been operating its chartered cruises in 2024 and 2025 on a leased ship. Its first purpose-built ship—Transcend Connect—is under construction and will launch in 2026, with its second ship—Transcend Evolve—commencing construction soon.

11. Transcend's brand received widespread recognition after it entered into a significant agreement with National Geographic-Lindblad Expeditions in May 2025. Following the deal's announcement, fifty-five global articles were written about Transcend, with a $4.31 million advertising value equivalency.

12. Since this deal, Transcend's first two sailings of the 2026 season chartered by National Geographic-Lindblad Expeditions have already sold out.

13. On November 27, 2021, Transcend applied for a trademark registration with the United States Patent and Trademark Office ("USPTO") for the wordmark "TRANSCEND CRUISES" in International Class 39 for "cruise ship services."

14. The USPTO granted the application June 17, 2025, such that "TRANSCEND CRUISES" is now federally registered as Reg. No. 7,836,369 (the "'369 Registration"). A true copy of this registration certificate is attached hereto as Exhibit A.

15. On February 20, 2025, Transcend sought to protect the name of its lead ship. It applied to register the wordmark "TRANSCEND CONNECT" with the USPTO, in international Class 39 for

3

"cruise ship services." The application, a true copy of which is attached hereto as Exhibit B, was given Serial No. 99048796. The application remains pending.

16. On February 20, 2025, Transcend filed a trademark application to protect the name of its second ship. It applied to register the wordmark "TRANSCEND EVOLVE" with the USPTO, in International Class 39 for "cruise ship services." The application, a true copy of which is attached hereto as Exhibit C, was given Serial No. 99048800 (the "'800 Application").

17. The '800 Application was approved by the USPTO and published for opposition on September 9, 2025.

18. On April 3, 2025, Transcend applied to register a design mark comprised of visual elements and the phrase "TRANSCEND CRUISES." The application, a true copy of which is attached hereto as Exhibit D, was given Serial No. 99119227. The application remains pending.

**B. Transcendent Travel Services, LLC**

19. TTS sells curated land-based tours in the United Kingdom and Canada directly to consumers under the mark "TRANSCENDENT."

20. TTS sells these tours to individual consumers on its website by single-person tickets. Many of the tours focus on visits to the sites of famous British television programs.

21. Upon information and belief, TTS does not offer water-based tours or excursions on maritime vessels, nor does it offer tours in Germany, Switzerland, Austria, Hungary, the Netherlands, or Belgium.

22. Upon information and belief, TTS does not own nor operate any cruise ships or any other type of boat.

23. TTS is the registrant of the wordmark "TRANSCENDENT" in International Class 39 in connection with:

>Arranging transportation for guided tours of local attractions, religious places, theatres, museums, concert halls, castles, palaces, abbey, churches, country houses, factories, parks, botanical gardens, villages, towns, estates and manor homes, wineries, distilleries, restaurants, farm and other – food source sites, and historical sites.

24. "TRANSCENDENT" is federally registered as Reg. No. 7,269,520 (the "'520 Registration"). A true copy of the registration certificate is attached hereto as Exhibit E.

**C. The Dispute**

25. On July 9, 2025, TTS filed a Petition for Cancellation of the '369 Registration with the USPTO before the Trademark Trial and Appeal Board. A true copy of this petition is attached hereto as Exhibit F.

26. In the Petition for Cancellation, TTS asserts that "given the similarity between the parties' respective marks . . . there is a high likelihood of confusion if Transcend is permitted to continue *use* of its mark . . . ." (emphasis added).

27. On September 10, 2025, TTS filed a Notice of Opposition against the '800 Application. A true copy of this notice is attached hereto as Exhibit G.

28. In the Notice of Opposition, TTS asserts that "given the similarity between the parties' respective marks . . . there is a high likelihood of confusion if [Transcend] is permitted to continue *use* of its mark . . . ." (emphasis added).

29. On September 16, 2025, TTS, through its counsel, sent a communication ("TTS Letter") to Transcend's counsel asserting that it would be "prudent" for Transcend to cease *use* of its TRANSCEND marks, to cancel its registrations, and abandon its pending applications. A true copy of the TTS Letter is attached hereto as Exhibit H.

30. Under the circumstances, Transcend possesses an objectively reasonable apprehension that TTS will file suit for trademark infringement based on Transcend's *use* of its TRANSCEND-formative marks.

31. Therefore, there exists an actual and justiciable controversy between Transcend and TTS regarding whether Transcend is infringing TTS's alleged trademark rights.

## FIRST CLAIM FOR RELIEF
(Declaratory Judgment of Non Infringement)

32. The allegations of each of the foregoing paragraphs are incorporated here by reference.

33. TTS's claim of infringement by Transcend's use of the wordmarks "TRANSCEND CRUISES," "TRANSCEND EVOLVE," and any other "TRANSCEND"-formative mark, in the cruise ship services marketplace, is without legal merit, and Transcend is entitled to a ruling to that effect.

34. A case of actual controversy between Plaintiff and Defendant exists under 28 U.S.C. §§ 2201 and 2202.

35. Transcend's use of "TRANSCEND"-formative marks is not likely to cause confusion, mistake, or deception or confuse the relevant public as to source, sponsorship, or affiliation with Defendant's use of "TRANSCENDENT."

36. A declaratory judgment will serve a useful purpose in clarifying and settling legal relations at issue between the parties, and it will terminate and afford relief to Transcend from uncertainty, insecurity, and controversy giving rise to this proceeding.

## SECOND CLAIM FOR RELIEF
(Dismissal Of The Petition for Cancellation)

37. The allegations of each of the foregoing paragraphs are incorporated herein by reference.

38. Transcend's registration of "TRANSCEND CRUISES" as set forth in the '369 Registration is not likely to cause confusion with TTS's "TRANSCENDENT" mark because the

mark, services, customers, channels of trade, and advertising methods associated with TTS's use of the mark "TRANSCENDENT" are dissimilar to those in TTS's '520 Registration.

39. TTS's Petition for Cancellation against the '369 Registration is therefore without legal merit, and Transcend is entitled to a ruling that TTS cannot cancel the '369 Registration.

40. This action involves the validity of the registration of a mark and, therefore, the Court has jurisdiction under 15 U.S.C. § 1119.

41. TTS's Petition for Cancellation against the '369 Registration should be denied and/or dismissed pursuant to 15 U.S.C. § 1119.

**THIRD CLAIM FOR RELIEF**
(Dismissal of the Notice of Opposition)

42. The allegations of each of the foregoing paragraphs are incorporated herein by reference.

43. Transcend's application for "TRANSCEND EVOLVE" in the '800 Application is not likely to cause confusion with TTS's "TRANSCENDENT" mark because the mark, services, customers, channels of trade, and advertising methods associated with TTS's use of the mark "TRANSCENDENT" are dissimilar to those in Transcend's '800 Application.

44. TTS's Notice of Opposition against the '800 Application is therefore without legal merit, and Transcend is entitled to ruling to that effect.

45. A close nexus exists between the '369 Registration and the '800 Application because both are "TRANSCEND"-formative marks, owned by Transcend, and are in International Class 39 in connection with "cruise ship services." Further, TTS's dispute with the '800 Application is nearly identical to the '369 Registration dispute in that TTS asserts the same claim of a likelihood of confusion due to the similarity of the marks with its mark "TRANSCENDENT."

7

46. Due to the close nexus between the '369 Registration and the '800 Application, the Court has supplemental jurisdiction over the registrability of "TRANSCEND EVOLVE."

47. TTS's Notice of Opposition against the '800 Application should be dismissed pursuant to 15 U.S.C. § 1119.

**FOR THESE REASONS**, Plaintiff Transcend prays for a judgment in its favor and against Defendant TTS as follows:

A. That the Court declare that Plaintiff has not infringed any valid trademark or other intellectual property right of Defendant;

B. That the Court declare that Plaintiff's use of the "TRANSCEND CRUISES," "TRANSCEND EVOLVE," and any other "TRANSCEND"-formative marks are not likely to confuse customers as to the source, sponsorship or affiliation of Plaintiff or its products;

C. That the Court dismiss and/or deny TTS's Petition for Cancellation against the '369 Registration.

D. That the Court dismiss TTS's Notice of Opposition against the '800 Application.

E. That Transcend be awarded its reasonable attorney's fees and costs;

F. An award of costs and pre-judgment and post-judgment interest; and

G. Such other and further relief as the court may deem just and proper.

Dated: October 23, 2025                 Respectfully submitted,

                                        */s/ Amanda G. Hyland*
                                        Amanda G. Hyland
                                        Georgia Bar No. 325115
                                        (Pro Hac Vice Application forthcoming)
                                        Austin Vining
                                        Georgia Bar No. 362473

8

        (Pro Hac Vice Application forthcoming)
**BUCHALTER APC**
3475 Piedmont Rd. NE, Suite 1100
Atlanta, GA 30305
Tel.: 404-832-7530
ahyland@buchalter.com
avining@buchalter.com