**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TRANSCEND CRUISES INC.,

Plaintiff,

v.

TRANSCENDENT TRAVEL SERVICES, LLC,

Defendant.

Case No. 1:25-cv-08796 (PKC)

[~~PROPOSED~~] STIPULATED DISCOVERY ORDER REGARDING ELECTRONICALLY STORED INFORMATION

**[~~PROPOSED~~] STIPULATED DISCOVERY ORDER**
**REGARDING ELECTRONICALLY STORED INFORMATION**

Upon the stipulation of the parties, the Court hereby Orders that the following terms shall govern the treatment of Electronically Stored Information produced or exchanged in the above-captioned action:

1. **Load Files.**

   a. Electronic documents will be produced in Concordance (.DAT) and Opticon (.OPT) format, as requested by the receiving party.

2. **Image File Format.**

   a. Except for the exceptions identified herein, documents will be produced in .tiff format. Single page, black and white images will be provided for each page of the document, with each image file named after the production number of that page. The parties agree to honor reasonable requests for color images.

   b. The imaged documents must detail all attributes of the native or hard-copy file, such as document breaks. The images must show all text and images

that were visible in the original file format, with the exception of any redacted portions. Any hidden content, including tracked changes, to the extent viewable within a document in its original file format, must also be imaged.

c. Production numbers and confidentiality designations (if applicable) will be included at a location that is reasonably intended to not obliterate, conceal or interfere with any information from the document.

3. **Searchable Text.**

a. Electronic documents will normally be produced with corresponding extracted text. Where this is not possible, *e.g.*, for non-searchable PDF documents, electronic documents will be scanned and produced with corresponding optical character recognition ("OCR") text via multi-page ASCII files.

b. Hard copy documents will normally be scanned and produced with corresponding OCR text via multi-page ASCII files. Redacted text will be excluded from extracted or OCR text so as not to reveal the content of the redacted material.

4. **Search Terms for Collecting Electronic Documents.**

a. The Parties will meet and confer in good faith regarding the disclosure, formulation of and reasonable quantum of appropriate search terms and protocols, and the parties shall proceed according to the terms of the Preliminary Conference Order.

b. Non-email ESI: The Parties will collect responsive documents from computers, hard drives, and cellular or mobile phones.

c. Not Reasonably Accessible ESI: The parties will take reasonable steps to collect potentially relevant ESI, if any, stored on servers, workstations, computers, hard drives, cell phones, and readily accessible drives. The parties shall discuss sources of potentially relevant information deemed "not reasonably accessible." Where a party seeks production of information from sources designated by another party as "not reasonably accessible," the parties shall meet and confer in an effort to resolve any disagreements before seeking relief from the Court.

d. Other Methods to Streamline Culling of ESI: The parties agree to meet and confer in good faith about any other technology or process that a producing party proposes to use to streamline the document production requested by a receiving party in this case (*e.g.*, de-NIST, email threading, near de-duplication, any technology assisted review or advanced analytic (*i.e.*, non-Boolean) automated "filtering" or "culling" application to identify items which are potentially responsive or which are to be excluded from its production). To the extent that any Party determines to employ a technology-assisted-review process to assist in the identification and production of responsive materials, it shall be transparent about the process or processes to be employed to the extent necessary to address disputes, without waiving privilege or work product protections.

e. Following the disclosure of such technology or process by the producing party to the receiving party, the parties shall attempt to resolve any objections to the use of such technology or process before seeking relief from the Court.

f. The Parties acknowledge that the agreement to the use of such procedures and terms shall not be construed as a waiver of any party's right to request subsequent searches and productions; particularly where there is a showing that the agreed-to search terms and procedures have resulted in inadequate productions or failed to identify relevant materials. The Parties reserve their right to object to any additional requests or subsequent searches.

**5. Production of Native Files.**

a. Microsoft PowerPoint files and Microsoft Excel files will be produced in native form with a .tiff placeholder and with the corresponding extracted text. CSV files and other similar database and spreadsheet files should be produced in native.

b. Where .tiff images are not readable, documents may be produced in native format.

c. Documents produced in native format must be named in accordance with the beginning Bates number assigned to the corresponding record in the production.

**6. Duplicates.** Exact duplicates may be removed prior to producing documents. Parties may de-duplicate stand-alone documents or entire document families using hash value matching (MD5 or SHA-1 values). Partial email families may not be removed.

7. **E-mail.** Producing party shall produce email with all agreed upon and available metadata (including all fields as set forth in Section 9), content, and attachments. To the extent such information exists in a reasonably accessible format, meeting notices, calendar items, contacts, and tasks, if relevant, shall be extracted from the email database and produced in a mutually agreed upon format.

8. **Bates Numbering.** All images must be assigned a Bates/control number that shall always: (i) be unique across the document productions in the litigation; (ii) maintain a constant length (zero/0-padded) across the entire production; (iii) contain no special characters or embedded spaces; and (iv) be sequential within a given document.

9. **Electronic Data.** Electronic documents will be produced with the following metadata fields, where this metadata exists and to the extent reasonably feasible:

| Field | Data Type | Paper | eDocs & Email Attachments | Email |
|---|---|---|---|---|
| ProdBeg | Integer – Text | Starting Bates # | Starting Bates # | Starting Bates # |
| ProdEnd | Integer – Text | Ending Bates # | Ending Bates # | Ending Bates # |
| ProdBegAttach | Integer – Text | Starting bates # of document family | Starting bates # of document family | Starting bates # of document family |
| ProdEndAttach | Integer – Text | Ending bates # of document family | Ending bates # of document family | Ending bates # of document family |
| Custodian | Text | Name of person the document was collected from | Name of person the document was collected from | Name of person the document was collected from |
| Duped Custodians | Text | Name of persons from whom de-duplicated document was | Name of persons from whom de-duplicated | Name of persons from whom de-duplicated document was collected and de-duplicated |

| Field | Data Type | Paper | eDocs & Email Attachments | Email |
|---|---|---|---|---|
| | | collected and de-duplicated pursuant to terms herein | document was collected and de-duplicated pursuant to terms herein | pursuant to terms herein |
| From | Text – paragraph | | | Sender of message |
| To | Text – paragraph Separate entries with ";" | | | Recipients of message |
| CC | Text – paragraph Separate entries with ";" | | | Copied recipients |
| BCC | Text – paragraph Separate entries with ";" | | | Blind copied recipients |
| Subject | Text – paragraph | | | Subject of message |
| Date/Time_Sent | Date (mm/dd/yyyy hh:mm:ss) | | | Date and Time message sent All time fields should be processed in "Coordinated Universal Time" (UTC Time Zone) if feasible |
| Date/Time_Rcvd | Date (mm/dd/yyyy hh:mm:ss) | | | Date and Time message received |
| FileName | Text – paragraph | | Name of original file including extension | Name of original file including extension |
| FileExtension | Text | | Extension of original file | Extension of original file |
| Date/Time_Created | Date/Time (mm/dd/yyyy hh:mm:ss) | | Date and time file was created | |
| Date/Time_Modified | Date/Time (mm/dd/yyyy | | Last modified date and time | |

| Field | Data Type | Paper | eDocs & Email Attachments | Email |
|---|---|---|---|---|
| | hh:mm:ss) | | | |
| Sort_Date/Time | Date/Time (mm/dd/yyyy hh:mm:ss) | | Date and time taken from (Email) Date/Time_Sent, (Email) Date/Time_Rcvd, or (EDocs) Date/Time_Modified, repeated for parent document and all children items to allow for date sorting. | |
| Title | Text – paragraph | | Title from document metadata | |
| Author | Text – paragraph | | Document author from metadata | |
| Confidentiality | Text | Any confidentiality designation asserted on the document | Any confidentiality designation asserted on the document | Any confidentiality designation asserted on the document |
| Hash | Text | | MD5 or SHA-1 Hash Value of document | MD5 or SHA-1 Hash Value of document |
| OriginalFilePath | Text | | File path of the native document as it existed in its original environment. | File path of the native document as it existed in its original environment. |
| NativeLink | Text – paragraph | | Path including filename to the associated | Path including filename to the associated native file if produced (Relative Path) |

| **Field** | **Data Type** | **Paper** | **eDocs & Email Attachments** | **Email** |
|---|---|---|---|---|
| | | | native file if produced (Relative Path) | |
| TextLink | Text – paragraph | Path including filename to the associated searchable text file (Relative Path) | Path including filename to the associated searchable text file (Relative Path) | Path including filename to the associated searchable text file (Relative Path) |
| Redaction | hasredaction(on Document); hasredaction(on Metadata) | | States whether a document or metadata of a document has been redacted | States whether a document or metadata of a document has been redacted |
| Message ID | Text | | | MS Outlook Message ID or similar number in other message systems |

a. Digital documents will be produced with corresponding .TXT files as outlined above, as well as extracted metadata fields (where available), as agreed and set forth in the Metadata Table above.

b. Standard electronic documents such as emails will be produced as TIFF images in the manner described above in (a) (i); however, all attachments, addendums, enclosures, and/or exhibits to a parent documents will be produced and identified as they relate to the respective parent document. TIFFs of ESI shall convey the same information and image as the original document, including all commenting, versioning, and formatting that is visible in any view of the document in its native application. All hidden text

will be expanded, extracted, and rendered in the TIFF file and the producing Party will force off Auto Date.

c. Parties will produce, upon request, documents or databases in native format if produced in TIFF or other static format (PDF, etc.) if inadequate in the form produced. The producing Party will provide native files with delimited TXT file containing ProdBeg, ProdEnd, ProdBegAttach, ProdEndAttach, Path to Native File, and MD5/Hash value.

d. If a member of a document family that has otherwise been determined to contain relevant or responsive information cannot be technically processed (e.g., unsupported file format, file corruption, inaccessible password-protected document), those technical problems shall be identified and disclosed to the receiving Party by production of a Bates-labeled slip sheet that states "Technical issue—file cannot be processed." A receiving Party thereafter may raise with the producing Party any questions or concerns, and the Parties shall meet and confer to attempt to resolve any issues

**10. Parent-Child Relationships.**

a. The Parties agree that Parent-child relationships within a document family (the association between an attachment and its parent document or between embedded documents and their parent) shall be preserved. Electronic documents attached to an e-mail or embedded within other electronic documents, and hard-copy documents attached or appended to hard-copy documents, must be mapped to their parent by the beginning Bates Number and immediately follow that parent file in the sequence of the production.

Case 1:25-cv-08796-PKC Document 41-1 Filed 10/14/26 Page 10 of 14

E-mail attachments and embedded files or links must contain "ProdBegAttach, ProdEndAttach" fields listing the unique beginning Bates Number of the parent documents and ending number of the last attachment must be populated for each child and parent document. The Parties will make relevancy and production determinations at the family level, meaning that if any member of a given document family (i.e., parent or attachment) is responsive and contains any non-privileged information, the entire family must be produced, subject to the producing Party's right to redact documents containing privileged information.

**11. Hard Copy Documents.**

a. Scanned hard copy documents will be produced with the following metadata fields, where this metadata exists and to the extent reasonably feasible:

| **Field** | **Description** |
|---|---|
| ProdBeg | Bates number of the first page of the document |
| ProdEnd | Bates number of the last page of the document |
| Custodian | Individual or Party from whom the document originated or was collected |
| Page Count | Total number of pages in the document |
| Confidentiality | Designation of confidentiality pursuant to the protective order |
| TextLink | Path to corresponding OCR or extracted text file |

b. In addition, e-mails and their attachments shall be produced in sequential bates ranges.

**12. Confidentiality Stipulation**

a. The Parties agree that if a provision of this agreement conflicts with the terms any protective order entered by this Court

, the protective order will control absent further order of the court.

**13. Cooperation**

a. The Parties commit to cooperate in good faith throughout the conduct of discovery in this matter consistent with the Federal Rules of Civil Procedure, the SDNY Local Civil Rules, the Court's Individual Practices, and any operative scheduling or discovery orders.

**14. Preservation**

a. Each Party confirms that it has taken or will take reasonable and good faith efforts to preserve documents that potentially may be relevant to this litigation.

**15. Clawback Agreement**

a. This Section constitutes a "Clawback Agreement" to define the respective rights and obligations regarding Inadvertently Produced Documents (as defined below) produced by parties in this litigation.

b. For purposes of this Clawback Agreement, an "Inadvertently Produced Document" is a document produced by any party that could have been withheld, in whole or in part, based on a colorable claim of attorney-client privilege, work-product protection, or other applicable privilege, but that was produced inadvertently.

c. Inclusion of any Inadvertently Produced Document in a production shall not result in the waiver of any privilege or protection associated with such document, nor result in a subject matter waiver of any kind.

d. A producing party may request the return of any Inadvertently Produced Document, which request shall be made to the receiving party in writing and shall contain information sufficient to identify the Inadvertently Produced Document. In the event that any portion of the Inadvertently Produced Document does not contain privileged information, the producing party shall also provide a redacted copy of the Inadvertently Produced Document that omits the information that the producing party believes is subject to a claim of privilege.

e. Upon receipt of a written request for return of an Inadvertently Produced Document, the receiving party shall immediately cease any use, dissemination, disclosure, reproduction, or transmittal of the Inadvertently Produced Document (and any copies thereof) and all electronic versions thereof. In the event that the receiving party does not object to the producing party's designation of the document as an Inadvertently Produced Document, it shall be promptly returned to the producing party's counsel or destroyed.

f. The receiving party may object to the producing party's designation of an Inadvertently Produced Document by providing written notice of such objection within five (5) business days of their receipt of a written request for the return of an Inadvertently Produced Document. Any such objection shall be resolved by the Court after an *in camera* review of the Inadvertently Produced Document. Pending resolution of the matter by the Court, the receiving party shall not use, disseminate, disclose, reproduce, or transmit

Case 1:25-cv-08796-PKC Document 41-1

any documents that are claimed to be Inadvertently Produced Documents for any purpose.

16. **Production Delivery**

a. Productions shall be transmitted electronically with a password protected link. Volumes exceeding 250GB shall be produced via an external drive encrypted with Windows Bit locker.

b. Volumes shall be sent as compressed zip files using compression utilities like WinRAR or 7ZIP. The exception to this are volumes produced via external drives.

**17.** Nothing in this Stipulation waives either party's objections to an electronic document's relevance, proportionality, burden, privilege, confidentiality, possession, custody, control, or accessibility.

**18.** The Parties reserve the right in writing to modify this Stipulation should the need arise during the course of the litigation.

**19.** This Stipulation may be signed in counterparts which, when taken together, shall constitute a single binding agreement. A copy of this Stipulation bearing facsimile or electronic signature(s) shall have the same force and effect as one with original signatures.

**20.** This Stipulation may be filed without further notice**.**

Dated: October 14, 2026

**BUCHALTER LLP**

*/s/ Amanda G. Hyland*
Amanda G. Hyland
(*Admitted Pro Hac Vice*)

Austin C. Vining
(*Admitted Pro Hac Vice*)
Jackson Wahlbom
(*Admitted Pro Hac Vice*)
3475 Piedmont Rd. NE, Suite 1100
Atlanta, GA 30305
Tel.: 404-832-7530
ahyland@buchalter.com
avining@buchalter.com
jwahlbom@buchalter.com

*Attorneys for Plaintiff / Counterclaim Defendant.*

**HERRICK FEINSTEIN LLP**

*/s/Milton Springut*
Milton Springut
Anna Boltyanskiy
Two Park Avenue
New York, NY 10016
(212) 592-1400
mspringut@herrick.com
aboltyanskiy@herrick.com

*Attorneys for Defendant*

SO ORDERED:

______________________________
HON. P. KEVIN CASTEL
United States District Judge

Dated: October 14, 2026